UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KEVIN ARNAZ WHALEY-EL,<br><br>Plaintiff,<br><br>v.<br><br>MICHIGAN DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>Defendants. | Case No. 22-cv-12725<br>Honorable George Caram Steeh<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF NO. 17)**

I.   **Introduction**

Plaintiff Kevin Arnaz Whaley-El, a prisoner of the Michigan Department of Corrections (MDOC), filed this pro se civil rights action under 42 U.S.C. § 1983 based on the conditions of his confinement at the St. Louis Correctional Facility (SLF).  ECF No. 1.  Whaley alleges that in March 2022 Defendants John Dorris and Jeremy Bugbee confiscated his kufi, a religious head covering, in violation of the First and Fourteenth Amendments and that he was transferred to another facility in retaliation for filing a grievance.  *Id.*  The Honorable George Caram Steeh referred the

case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 18.

Defendants move for partial summary judgment for failure to exhaust administrative remedies on Whaley's retaliation claim.  ECF No. 17.  The Court **RECOMMENDS** that defendants' motion be **GRANTED**.

## II.   Analysis

### A.

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must specify the portions of the record that show the absence of a genuine dispute as to any material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the movant satisfies this burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue

for trial.  *Id.* at 324.  The Court must view the factual evidence in the light most favorable to the non-moving party.  *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The Prison Litigation Reform Act (PLRA) requires prisoners to "properly" exhaust all "available" administrative remedies before filing a lawsuit challenging prison conditions.  42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006).  The PLRA requires exhaustion of internal remedies for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  To meet this requirement, an inmate must strictly comply with the grievance process provided by the prison.  *Woodford*, 548 U.S. at 93-94.  But an inmate need only exhaust those remedies that are actually "available"; if an administrative remedy "is not capable of use to obtain relief," then § 1997e will not act as a barrier to suit.  *Ross v. Blake*, 578 U.S. 632, 643 (2016).

"Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence."  *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015).  "But a prisoner countering a motion alleging failure to exhaust must

3

offer competent and specific evidence showing that he indeed exhausted his remedies, or was otherwise excused from doing so." *Parks v. Mich. Dep't of Corr.*, No. 2:20-cv-11673, 2021 WL 3533422, at *3 (E.D. Mich. May 17, 2021), *adopted*, 2021 WL 2820984 (E.D. Mich. July 7, 2021) (cleaned up).  Summary judgment based on failure to exhaust administrative remedies is not on the merits and thus requires dismissal without prejudice.  *Adams v. Smith*, 166 F. App'x 201, 204 (6th Cir. 2006).

**B.**

MDOC Policy Directive 03.02.130 has a three-step procedure that prisoners must follow to complete the administrative review process and properly exhaust grievances.  ECF No. 17-2.  The policy requires a prisoner to try to informally resolve the problem with the allegedly offending staff within two days of learning about the grievable issue, and then, within five days of those informal efforts, file with the grievance coordinator a Step I grievance about any unresolved issues.  *Id.* at PageID.96-97, ¶¶ Q, W.  The prisoner may then file a Step II grievance appeal within ten business days of receiving the Step I response or, if no response was received, within ten business days after the date the response was due.  *Id.* at PageID.98, ¶ DD.  The same schedule applies to a Step III appeal—it is due within ten business days of receiving the Step II response or, if no

4

response was received, within ten business days after the date the response was due. *Id.* at PageID.99, ¶ HH. Prisoners must appeal their grievances through Step III and wait until receipt of a Step III response, or until the response is past due, before suing.

Defendants submit a Step III grievance report showing that in 2022 Whaley pursued only one grievance through Step III. ECF No. 20-3.[1] That grievance and Whaley's Step II and III appeals concern the confiscation of his kufi, not retaliatory transfer. ECF No. 17-3, PageID.107-112. A plaintiff fails to exhaust remedies when grievances do not involve the same issues raised in the complaint. *Ford v. Martin*, 49 F. App'x 584, 585 (6th Cir. 2002).

Whaley agrees that he did not grieve his retaliatory transfer claim and says that he never asserted that claim in his complaint. ECF No. 21, PageID.121-122. But the complaint states that "the staff at SLF retaliated to [sic] my legal issue by transferring me from [SLF] to [Lakeland Correctional Facility]." ECF No. 1, PageID.7. Whaley also argues that he was not required to exhaust his retaliatory transfer claim. ECF No. 21, PageID.121. Whaley is incorrect; courts regularly dismiss retaliatory

---

[1] Defendants mistakenly state in their motion that Whaley pursued two grievances through Step III in 2022. ECF No. 17, PageID.80.

5

transfer cases for failure to exhaust.  *See, e.g.*, *Wilkes v. Kennaker*, No. 14-11558, 2015 WL 9591463, at *4 (E.D. Mich. Nov. 30, 2015), *adopted*, 2016 WL 795869 (E.D. Mich. Feb. 29, 2016); *Swackhammer v. Mich. Dep't of Corr.*, No. 1:10-cv-1160, 2012 WL 892444, at *5 (W.D. Mich. Feb. 8, 2012), *adopted*, 2012 WL 892296 (W.D. Mich. Mar. 14, 2012).  Thus, Whaley's retaliatory transfer claim should be dismissed without prejudice for failure to exhaust.

### III.  Conclusion

The Court **RECOMMENDS** that defendants' motion be **GRANTED** (ECF No. 17), and that Whaley's retaliatory transfer claim be **DISMISSED WITHOUT PREJUDICE**.

                                           s/Elizabeth A. Stafford
                                           ELIZABETH A. STAFFORD
                                           United States Magistrate Judge

Dated: September 11, 2023

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal

is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 11, 2023.

                                                    s/Marlena Williams
                                                    MARLENA WILLIAMS
                                                    Case Manager