UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KEVIN ARNAZ WHALEY-EL,<br><br>Plaintiff,<br><br>v.<br><br>MICHIGAN DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>Defendants. | Case No. 22-cv-12725<br>Honorable George Caram Steeh<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT MICHIGAN DEPARTMENT OF CORRECTIONS' MOTION TO DISMISS (ECF NO. 28)**

I. **Introduction**

Plaintiff Kevin Arnaz Whaley-El, a prisoner of Defendant Michigan Department of Corrections (MDOC), filed this pro se civil rights action under 42 U.S.C. § 1983 based on the conditions of his confinement. ECF No. 1. Whaley alleges that two MDOC officials confiscated his kufi, a religious head covering, in violation of the First and Fourteenth Amendments and that he was transferred to another facility in retaliation for filing a grievance. *Id.*

The Honorable George Caram Steeh referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 18.  MDOC moves to dismiss the claims against it.  ECF No. 28.  The Court **RECOMMENDS** that MDOC's motion be **GRANTED**.

II.   Analysis

A.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal sufficiency.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief."  *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must construe the complaint in the light most favorable to the plaintiff

and accept as true all well-pleaded factual allegations. *Id.* But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678, and the Court has no duty to create a claim not spelled out in the pleadings, *Freightliner of Knoxville, Inc. v. DaimlerChrysler Vans, LLC*, 484 F.3d 865, 871 n.4 (6th Cir. 2007). Pleadings filed by pro se litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012); *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).

### B.

MDOC correctly argues that it is immune from suit under the Eleventh Amendment. ECF No.28, PageID.152-153. Regardless of the type of relief sought, the Eleventh Amendment protects states and their departments and agencies from suit in federal court by their own citizens or citizens of another state. *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Without clear abrogation of a state's immunity under a valid exercise of power, it may not be sued without its consent. *Id.* at 98-99; *Green v. Mansour*, 474 U.S. 64, 68 (1985). Michigan has not consented to

civil rights suits in federal court. *Johnson v. Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004). And MDOC is immune from suit under § 1983. *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013). Thus, Whaley-El's claims against the MDOC should be dismissed.

### III.  Conclusion

The Court **RECOMMENDS** that MDOC's motion to dismiss be **GRANTED** (ECF No. 28).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: March 1, 2024


### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 1, 2024.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
