UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN ARNAZ WHALEY-EL,

    Plaintiff,

v.

MICHIGAN DEPARTMENT OF CORRECTIONS, *et al.*,

    Defendants.

Case No. 22-cv-12725
Honorable George Caram Steeh
Magistrate Judge Elizabeth A. Stafford

# ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S SECOND REQUEST TO APPOINT COUNSEL (ECF NO. 42) AND GRANTING REQUEST FOR A JURY TRIAL

    Plaintiff Kevin Arnaz Whaley-El responded to defendants' motion to take his deposition. ECF No. 42. But the Court granted that motion over a month ago, and Whaley-El admits that his deposition was taken on June 19, 2024. Because the substance of Whaley-El's filing does not concern his deposition, the Court instead construes it as a request for appointment of counsel and a jury trial.

    The Court previously denied Whaley-El's motion for appointment of counsel without prejudice, reasoning that he has not shown exceptional circumstances meriting appointment of counsel during this pretrial stage.

ECF No. 37.  This conclusion has not changed.  Thus, Whaley-El's second motion to appoint counsel is **DENIED WITHOUT PREJUDICE**.

Whaley-El also demands a jury trial.  Under Federal Rule of Civil Procedure 38(b), a party may demand a jury trial by "serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served." Defendants answered the complaint on November 1, 2023, but Whaley-El did not demand a jury trial until December 12, 2023.  ECF No. 29; ECF No. 33.[1]  Whaley-El renewed that request in his filing on July 19, 2024.  ECF No. 42.  Rule 38(d) states that "[a] party waives a jury trial unless its demand is properly served and filed."  Because Whaley-El did not file his demand within 14 days after the last pleading, he waived his right to a jury trial under Rule 38(d).

But Rule 39(b) allows a party to seek relief from a waiver: "[T]he court may, on motion, order a jury trial on any issue for which a jury might have been demanded."  The Sixth Circuit has stated that "a district court's

---

[1] Though docketed on December 20, 2023, the demand was postmarked on December 12.  ECF No. 33, PageID.176.  Thus, December 12 is the filing date under the prison mailbox rule.  *See Payne v. Nagy*, No. 2:19-CV-12299, 2020 WL 7042954, at *2 n.1 (E.D. Mich. Nov. 30, 2020) ("The federal prison mailbox rule provides that submissions by pro se prisoners are considered filed on the date they are given to prison officials for mailing.").

2

discretion under Rule 39(b) [is] 'broad,'" and "that the court's discretion should be exercised in favor of granting a jury trial in the absence of strong and compelling reasons to the contrary." *Orlowski v. TRW, Inc.*, 765 F. Supp. 1277, 1287 (E.D. Mich. 1991) (quoting *Kitchen v. Chippewa Valley Sch.*, 825 F.2d 1004, 1013 (6th Cir. 1987)) (cleaned up).  Put differently, "technical insistence upon imposing a penalty for default by denying a jury trial is not in the spirit of the rules."  *Id.* at 1279 (quoting 9 C. Wright & A. Miller, Federal Practice and Procedure § 2334, at 115-16 (1971)) (cleaned up).

Defendants made no objection to Whaley-El's December 2023 jury demand and offered no "strong and compelling reasons" to deny a jury trial. By contrast, Whaley-El is proceeding pro se and made his jury demand only a month late.  Thus, the Court excuses his technical error and **GRANTS** his request for a jury trial.

s/Elizabeth A. Stafford

ELIZABETH A. STAFFORD

United States Magistrate Judge

Dated: July 22, 2024

3

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 22, 2024.

                                           S/Donald Peruski
                                           Donald Peruski
                                           Case Manager